Bruce S. Osterman (SBN 039310)
David Edward May (SBN 083734)
LAW OFFICES OF BRUCE S. OSTERMAN
2300 Contra Costa Blvd., Suite 320
Telephone: (415) 399-3900
Facsimile: (415) 399-3920

Attorneys for Plaintiff
JAMES RAINEY MASON

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RAINEY MASON<br><br>        Plaintiff,<br><br>   vs.<br><br>REDWOOD CITY, a public entity; Redwood City Police Officers A. WANG #381; C. DONOVAN #330; K. TATE #1118, M. ALIFANO #376, LT. HART, A. OSBORNE #370, all as police officers and as individuals,<br><br>        Defendants. | Case No:<br><br>COMPLAINT FOR VIOLATION OF CIVIL RIGHTS {42 U.S.C. §1983}<br><br>JURY TRIAL DEMANDED |

Plaintiff, JAMES RAINEY MASON, (hereinafter "Plaintiff" or "MASON") alleges as follows:

**JURISDICTION AND VENUE**

1.     This action is brought pursuant to 42 U.S.C. §1983 and the rights secured to Plaintiff by the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction of the subject matter of this action is established pursuant to 28 U.S.C. §1331 & §1343.

2.     Venue is proper in the Northern District of California under 28 U.S.C. §1391 as the events alleged herein occurred in this District.

3.     Plaintiff has complied with the claims presentation requirement of the California Government Tort Claims Act, California Government Code §905 *et seq*.  Plaintiff filed his claim

against Redwood City, and its employees, on May 13, 2017, and received a notice of rejection of Plaintiff's claim, and a "right to sue" letter was sent by Defendant Redwood City on or about June 16, 2017.

**PARTIES**

4.      Plaintiff JAMES RAINEY MASON, at all times mentioned herein, has held the position of Sergeant with the San Jose Police Department, and is a resident of San Mateo County, California.

5.      Defendant Redwood City is a public entity, and operates and governs the Redwood City Police Department pursuant to the Charter of the County of San Mateo and the laws of the State of California.

6.      A. WANG #381; C. DONOVAN #330; K. TATE #1118, M. ALIFANO #376, LT. HART, A. OSBORNE #370 were at all times mentioned herein employed as police officers by Redwood City and are sued both individually and in their official capacity as police officers of Redwood City.

**EVENTS**

7.      On September 4, 2015, at approximately 5:13 p.m., plaintiff was driving his 1998 dark green Acura on Woodside Road in Redwood City, California.  He pulled over to the side of the road, half way between Atherwood Avenue and Kentfield Avenue, just south of 1021 Woodside Road, to park so that he could use his cell phone.  After he was finished using his cell phone he drove away.

8.      On the same date and time, Frances Chavez (also described as Helen Chavez) was walking home from work which was located at 1391 Woodside Road, Redwood City.  She had left work at approximately 5:00 p.m.  She was walking north on the east side of Woodside Road.  Near 1215 Woodside Road, south of Nimitz Ave., she claims she saw a man parked in a green two-door sedan on the south side of Woodside Road with his genitals exposed and masturbating.  She did not see the man's face and could not identify him.  She continued to walk home on the same side of Woodside Road traveling in a north-easterly direction.

9.      After traveling another two blocks, she saw another green two-door sedan parked on the east side of Woodside Road between Atherwood Ave. and Kentfield Ave., south of 1021 Woodside Road.  She did not see the green two-door car pass her or park.  She assumed that the second car she saw was the same car in which she had seen the man masturbating a few minutes earlier.  She also assumed that he had followed her, and parked at the second location in order to watch her.  She had no evidence for either of those assumptions other than that the two cars were green and had two doors.  She took pictures of the license plate of the second car and the person inside it.  The person in the second car was not masturbating and did not have his genitals exposed.  Instead he was using a cell phone.  She had no contact with the person in the second car.  However, she did call the police as she approached and passed the second car.  She continued to the end of the block and stopped at the bus stop located near the intersection of Woodside Rd. and Kentfield Ave.  She waited at the bus stop for the police to arrive.  In the meanwhile, the second car drove off.

10.      The photographs show plaintiff's car and plaintiff in the driver's seat.

11.      On that date and at that time, plaintiff did not park his car, move it a couple of blocks, and then park it again.  Plaintiff did not expose himself to the public and/or masturbate in the car when it was parked on Woodside Road, at that date or time, or at any place, date or time.

12.      On September 4, 2015, Redwood City Police Officers A. WANG #381, C. DONOVAN #330, A. OSBORNE #370  investigated the alleged crime and prepared a police report.  On September 8, 2015 and/or September 14, 2015, Redwood City Police Officers Lt. Hart, M. Alifano #376 and  C. Donovan #330 conducted further investigation and supplemented the police report.   On September 8, 2015, Redwood City Police Officer K. Tate #118 helped in the preparation of the report and released the report to the District Attorney's Office for prosecution.

## COMMON ALLEGATIONS

13.      At the time of the release of the report to the District Attorney's Office, the report contained several knowingly and maliciously false statements.

14.    First, the report intentionally conflates two suspects into one. Instead of referring to Suspect Number One and Suspect Number Two, the report refers to both suspects as "the Suspect." The report fails to note and identify a third suspect, who was a passerby at the scene when the initial report was taken, that the alleged witness/victim stated she thought was the perpetrator.

15.    Second, the report states that: "She [described in the report as 'the Victim'] also confirmed the person she photographed in the vehicle on the second interaction was the same person." This is plainly false. The "Victim" repeatedly stated she did not see the face of the first Suspect, so she could not identify him. She also stated she did not see the face of the second Suspect. Even if she had seen the second suspect, she had nothing to compare that with to confirm that it was the same person. The "Victim" stated both that she is "really bad with faces" and that she "can't really see him" (i.e. the person she photographed in the second car). Finally, the "Victim" stated, on seeing a passerby in the street, that "And I'm like oh my god is that him? So it [sic] looked completely different than the person that I took a picture of. . . . So, and so I could be completely wrong." The report failed to include the foregoing exonerating evidence.

16.    Third, the report falsely states "the Suspect drove his vehicle in the same direction that she was walking and parked his vehicle again." There is no evidence to support that statement, and according to the report, the "Victim" stated that "she never looked back in the direction of his vehicle and did not see the it [sic] pass her on Woodside Road." While the "Victim" repeatedly states she believed that "the Suspect" was following her, that alleged belief was based solely on the alleged observation that the second car was the same color and number of doors as the first: "then I seen the car like four cars ahead of me parked, parked in the exact way he was uh when back at the apartments. . . . So then I realize this guy is following me ..." The report failed to include the foregoing exonerating evidence.

17.    Other than the alleged Victim's uncorroborated statement, there was no evidence whatsoever that a crime had been committed, or that anyone exposed himself in public and/or masturbated in a parked car at or about the alleged time and place.

18.     The alleged Victim's veracity was ignored.  She stated she was paranoid.

19.     Defendants knew, or should have known, that the alleged Victim was a convicted criminal.  At the time she gave the report at issue herein, the alleged Victim had been convicted of Pen. Code §666 misdemeanor petty theft (San Mateo County Criminal Case No. SN337821); Pen. Code §504/ 487(A) misdemeanor embezzlement and Pen. Code §470(B) misdemeanor forgery (San Mateo County Criminal Case No. SM328608A); and VC 23152(A) misdemeanor driving under the influence of alcohol.

20.     No reasonable police officer under the foregoing circumstances would have relied on the alleged sole witness' report without assessing her veracity and corroborating her allegations.

21.     The defendant Redwood City Police Officers acted with actual  malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of Plaintiff.  Defendant Redwood City Police Officers adopted the false narrative because plaintiff was a San Jose Police Officer, and there was inter-departmental rivalry and hate.

22.     Upon information and belief, at all times pertinent hereto, Redwood City permitted and tolerated a pattern of practice of unreasonable and unlawful arrest by police officers of Redwood City, and malicious prosecution pursuant thereto.

23.     Upon information and belief, Redwood City has maintained a system of review of police conduct which is so untimely and cursory as to be ineffective and to permit and tolerate the unreasonable and unlawful arrest of citizens by police officers, and malicious prosecution pursuant thereto.

24.     The acts, omissions, systemic flaws, policies, and customs of Redwood City caused the defendant Redwood City Police Officers to believe that unreasonable and unlawful arrest would not be aggressively, honestly, and properly investigated, with the foreseeable result that such officers are more likely to unreasonably and unlawfully arrest Plaintiff and others in the future.

**FIRST CAUSE OF ACTION**
**VIOLATION OF CIVIL RIGHTS: 42 U.S.C. § 1983**
**COUNT I**
**UNLAWFUL ARREST**

25.    Plaintiff incorporates by reference herein the allegations contained in paragraphs 1 through 24 as though fully set forth herein.

26.    As set forth above, the detention and arrest of Plaintiff, committed upon Plaintiff by Defendant Officers and Redwood City, acting under color of authority, constitute a seizure of Plaintiff's person without probable or reasonable cause, and was a deprivation of the privileges guaranteed to Plaintiff as a citizen under the Fourth Amendment to the Constitution of the United States of America.

27.    As set forth above, the detention and arrest of Plaintiff by Defendant Officers and Redwood City, acting under color of authority, constitute a deprivation of Plaintiff's liberty without probable or reasonable cause, without proper compliance with state statute, provision, or local policy or procedure, and was a violation of the privileges guaranteed to Plaintiff as a citizen under the equal protection clause to the Fourteenth Amendment to the Constitution of the United States of America.

28.    Defendant police officers drafted and signed an affidavit in support for the issuance of a warrant for plaintiff's arrest.  In that affidavit they made statements, including without limitation those set forth above, that constituted deliberate falsehoods and/or a reckless disregard for the truth.  Without that dishonesty, the warrant would not have issued.

**COUNT II**
**VIOLATION OF CIVIL RIGHTS: 42 U.S.C. § 1983**
**MALICIOUS PROSECUTION**

29.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 28 as though set forth in full herein.

Complaint                                               Page 6

30.    The defendants initiated criminal proceedings.  On or about September 8, 2015, the District Attorney of San Mateo County filed a Misdemeanor Complaint Case No. SM399855A in the Superior Court of the State of California in and for the County of San Mateo alleging two Counts: one for violation of Pen. Code §314(1) (misdemeanor) and one for violation of Pen. Code §647(a) (misdemeanor), against plaintiff.

31.    The criminal proceeding ended in plaintiff's favor.  The case was dismissed due to insufficient evidence on November 15, 2016.

32.    The defendants initiated those proceedings without probable cause.

33.    The defendants acted maliciously and for a purpose other than bringing the plaintiff to justice.  The prosecution was motivated by inter-departmental rivalry and political considerations.

34.    Defendants sought prosecution of plaintiff for the purpose of depriving him of equal protection of the laws in violation of plaintiff's constitutional rights under the Fourteenth Amendment to the Constitution of the United States.

35.    The plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a criminal legal proceeding, which violated plaintiff's constitutional rights under the Fourth Amendment to the Constitution of the United States.

36.    Defendants sought prosecution of plaintiff for the purpose of depriving him of his constitutional right to pursue a legal occupation.

**COUNT III**
**VIOLATION OF CIVIL RIGHTS: 42 U.S.C. § 1983**
**DEVEREAUX CLAIM**

37.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 36 as though set forth in full herein.

38.    Defendants violated the plaintiff's procedural due process rights under the Fourteenth Amendment to the Constitution of the United States by subjecting the plaintiff to criminal charges based on deliberately fabricated evidence.

39.    Plaintiff suffered damages as a result of the foregoing acts complained of in Counts I, II, and III.  Plaintiff suffered suspension at work.  Plaintiff suffered and continues to suffer humiliation.  Plaintiff suffered and continues to suffer loss of opportunity for promotion and advancement of his career as a police officer.  Plaintiff suffered loss of freedom in that he was limited by the terms of his release on bail from moving about and traveling without restrictions.  Plaintiff requests damages as set forth above and in Plaintiff's prayer for relief, the same of which is incorporated herein as though set forth in full.

40.    The foregoing acts complained of in Counts I, II, and III above, were performed with malice toward Plaintiff by defendants, in that the acts were performed with the specific intent to harm Plaintiff and his reputation, and in the furtherance of inter-departmental rivalry, hate, and impermissible political agenda.  Defendants acted with a reckless and/or callous disregard for Plaintiff's rights.  Plaintiff is thus entitled to an award of punitive damages against defendants in an amount according to proof.

41.    WHEREFORE, Plaintiff requests damages as set forth above and in Plaintiff's prayer for relief, the same of which is incorporated herein as though set forth in full.

**PRAYER**

WHEREFORE, Plaintiff respectfully prays as follows:

1.    For compensatory and general damages in an amount in excess of $1,000,000 and according to proof;

2.    For punitive damages;

3.    For an permanent injunction against Defendants and their agents and employees restraining them in the continued violation of Plaintiff's constitutional rights;

4.    For an Order directing said Defendants and their agents and employees to remove from Plaintiff's local, state, and national criminal history any reference to Plaintiff's detention, arrest, commitment, prosecution or otherwise, and for an Order deeming this detention, arrest, commitment or otherwise not to have occurred, and directing defendants to assist plaintiff in obtaining relief allowed under California Penal Code §851.8.

5.    For costs and attorneys' fees, per 42 U.S.C. § 1988; and

6.    For such other and further relief as the Court may deem appropriate.

Dated:        October 30, 2017

_____
David Edward May
Attorney for Plaintiff
James Rainey Mason

-o0o-

**JURY DEMAND**

Plaintiff hereby demands trial by jury.

Dated:        October 30, 2017

_____
David Edward May
Attorney for Plaintiff
James Rainey Mason