UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES RAINEY MASON,

    Plaintiff,

v.

REDWOOD CITY, et al.,

    Defendants.

Case No. 17-cv-06283-RS

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiff James Rainey Mason brings this civil rights action against Redwood City and certain Redwood City police officers under 42 U.S.C. § 1983 alleging unlawful arrest, malicious prosecution, and deliberate fabrication of evidence (under *Devereaux v. Abbey*, 263 F.3d 1070 (9th Cir. 2001) (en banc)). The defendants move to dismiss, asserting the police officers acted with probable cause or, at the very least, are entitled to qualified immunity. They further argue Mason has not alleged a sufficient factual basis for holding Redwood City liable under *Monell v. Dept. of Soc. Serv. of N.Y.C.*, 436 U.S. 658 (1978). For the reasons explained below, defendants' motion is granted with leave to amend as to Mason's *Monell* claim but otherwise denied.

## II. BACKGROUND[1]

In September 2015, a woman was walking home on Woodside Road in Redwood City

---

[1] The factual background is based on the averments in the complaint, which must be taken as true for purposes of this motion.

when she claims to have observed a man masturbating in a parked green two-door sedan. She continued walking and saw a similar green two-door sedan parked a few blocks later. Assuming the second car was the same as the one she had seen earlier, she took pictures of the car's license plate and the person inside. She then called the Redwood City police to report the incident saying she believed the individual she photographed had been following her while masturbating in public. While the woman waited at a nearby bus stop for the police to arrive, the car drove away.

The individual the woman photographed in the second car was Mason. The photos show him sitting in the driver's seat of the car but otherwise not engaging in any inappropriate conduct or exposing himself. He alleges that at no point was he masturbating in his car nor moving his car from one place to another. Instead, he insists that he pulled over briefly on Woodside Road to make a phone call and then continued on his way. Nonetheless, the police obtained a warrant and arrested Mason. The District Attorney subsequently filed a misdemeanor complaint against him for indecent exposure (Cal. Penal Code § 314(1)) and disorderly conduct (Cal. Penal Code § 647(a)). In November 2015, the case was dismissed due to insufficient evidence.

Mason contends the warrant and the misdemeanor charges brought against him were not based on probable or even reasonable cause. He alleges the police report given to the District Attorney's office by the officers who investigated his case knowingly and maliciously distorted the account of the sole witness and thereby concealed gaps and contradictory information indicating his innocence. Most notably, the report stated the witness confirmed the man she photographed was the same one she had initially seen masturbating when, in fact, she had repeatedly stated she had not seen the face of the first man and thus could not identify him. The witness further stated that she was generally "really bad with faces," that she couldn't actually see the face of the individual in the second car, that she mistook a passerby on the street as the perpetrator even though he looked completely different than the man she photographed and, finally, she admitted to being paranoid.

Given these statements, Mason alleges no reasonable police officer could have concluded based solely on the witness's report and her photographs of his vehicle, that probable cause

existed for his arrest. This is especially true, Mason alleges, given that the witness had prior misdemeanor convictions (including forgery and embezzlement) which reflected poorly on her credibility.

In light of the inadequate evidence against him, Mason claims the Redwood City police officers involved in investigating the incident, preparing the police report, and giving the report to the District Attorney's Office—Officers Wang, Donovan, Tate, Alifano, Hart, and Osborne—knowingly violated his constitutional rights. He alleges they were motivated by an interdepartmental rivalry and political considerations—Mason himself is a police officer for the San Jose Police Department—not an honest belief that he was guilty.[2] He further claims Redwood City is liable for the officers' constitutional violations because its system of review of police conduct is so untimely and cursory that it permits and tolerates the unlawful arrest and malicious prosecution of innocent citizens like him. Mason's professional reputation has suffered because of the arrest. Most notably, he was suspended, and lost the opportunity to be promoted within his own police department.

### III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id*. The determination is a context-specific task, requiring the court "to draw on its judicial experience and common sense." *Id*. at 679.

---

[2] As no supporting facts are included in the complaint for these allegations, little weight can be ascribed to them.

ORDER RE: MOTION TO DISMISS
CASE NO. 17-cv-06283-RS

3

Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory or the absence of sufficient facts alleged." *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1988)). When evaluating such a motion, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). "Factual allegations must be enough to raise a right to relief above the speculative level," which "requires more than labels and conclusions . . . a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. When a plaintiff has failed to state a claim upon which relief can be granted, leave to amend should be granted unless "the complaint could not be saved by any amendment." *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002) (citation omitted).

## IV. DISCUSSION

### A. Section 1983 Claims Against Individual Officers

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing that "(1) the defendants acting under color of state law (2) deprived plaintiff[] of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). "Liability under section 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Iqbal*, 556 U.S. at 677.

Here, Mason brings claims against the individual defendant officers for: (1) unlawful arrest; (2) malicious prosecution; and (3) deliberate fabrication of evidence. The defendants move to dismiss Mason's claims as insufficiently pled. They argue Mason has not adequately alleged how each defendant personally participated in the challenged conduct, that their actions in furtherance of Mason's arrest and prosecution were based on probable cause, and that they are entitled to qualified immunity.

#### 1. Unlawful Arrest

"A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment provided the arrest was without probable cause or other justification." *Dubner v. City*

*& Cty of S.F.*, 266 F.3d 959, 964 (9th Cir. 2001). "Probable cause exists when, under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime." *Id*. at 966; *accord United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007) ("Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested.")

Here, the individual officers argue the totality of circumstances supported an objectively reasonable belief that Mason had committed a crime. Their investigation was in response to a report by a witness. The witness said she saw a man masturbating in a green two-door car. She took photographs of Mason in a car of the same color and body type a short distance away. Finally, she stated her belief that the first and second cars were one and the same and that the man she photographed in the second car was following her.

In response, Mason contends the officers' entire case for probable cause is based on the testimony of a witness who was demonstrably unreliable. She stated repeatedly that she did not see the face of the man in the first car or get a good view of the man in the second car. She identified a third man, a passerby on the street, who she thought might be the perpetrator even though he looked "completely different" than the man she photographed. She acknowledged that she was "really bad with faces" and paranoid. Moreover, she had a history of prior misdemeanor convictions involving dishonesty.[3] Under these circumstances, Mason alleges, no reasonable officer would have relied solely on the witness's report without further corroboration. The shakiness of the evidence against him is evidenced by his charges eventually being dropped.

Mason's allegations are sufficient to state a claim for unlawful arrest. The officers may

---

[3] While this particular allegation may be of marginal significance, it does reflect that Mason alleges specific facts rather than merely conclusory assertions regarding the witness's trustworthiness. What also remains unclear is whether or not the witness's misdemeanor record was disclosed in the warrant affidavit.

well eventually prove the witness's account and accompanying photographs provided an adequate basis for probable cause. At this early stage in the litigation, however, the facts alleged—when viewed in the light most favorable to Mason—do not support such a finding. The fact that the officers obtained an arrest warrant does not alter this conclusion given Mason's allegation that the affidavit and report prepared in support of the warrant included false and misleading information and omitted material facts. Lastly, Mason's complaint sufficiently indicates how each officer personally participated in the alleged constitutional violations. He avers Officers Wang, Donovan, and Osborne investigated the incident and prepared the initial police report. Officers Hart, Alifano, and Donovan conducted further investigation and supplemented the report. Officer Tate helped in preparing the report and released it to the DA for prosecution. It is true these averments do not precisely spell out each officer's specific contributions to the report—and will need to be developed further in discovery—but, at this juncture, they are sufficient to survive dismissal. Accordingly, defendants' motion to dismiss Mason's unlawful arrest claim for failure to state a claim is denied.

### 2. Malicious Prosecution

A plaintiff may bring a malicious prosecution claim "not only against prosecutors but also against others—including police officers and investigators—who wrongfully caused his prosecution." *Smith v. Almada*, 640 F. 3d 931, 938 (9th Cir. 2011). *See also Blankenhorn v. City of Orange*, 485 F.3d 463, 482 (9th Cir. 2007) ("A police officer who maliciously or recklessly makes false reports to the prosecutor may be held liable for damages incurred as a proximate result of those reports."). To do so, a plaintiff must allege the defendants prosecuted him: (1) with malice, (2) without probable cause, (3) for the purpose of denying him equal protection or another specific constitutional right, and (4) that criminal proceedings against him have terminated in favor of the accused. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 919 (9th Cir. 2012). Section 1983 claims for malicious prosecution may proceed under theories asserting violation of the fourth amendment. *See Blankenhorn*, 485 F.3d at 483-84 (finding genuine issues of material fact as to whether police officers who allegedly arrested plaintiff without probable cause in violation of his Fourth

1 Amendment rights provided prosecutor with false information that resulted in plaintiff being
2 charged with resisting arrest).

3 Here, as discussed above, Mason has sufficiently alleged that the individual officers did not reasonably believe he had committed a crime, that they wrongfully caused his prosecution by knowingly or recklessly providing the DA with false information, and that the charges against him were eventually dismissed. Accordingly, defendants' motion to dismiss Mason's malicious prosecution claim must also be denied.

### 3. Deliberate Fabrication of Evidence

"A *Devereaux* claim is a claim that the government violated the plaintiff's due process rights by subjecting the plaintiff to criminal charges based on deliberately-fabricated evidence." *Bradford v. Scherschligt*, 803 F.3d 382, 386 (9th Cir. 2015) (citing *Devereaux*, 263 F.3d at 1074–75). "To state a plausible claim for deliberate fabrication of evidence under [*Devereaux*], the plaintiff must: (1) identify the evidence alleged to have been fabricated; and (2) state facts to show that the fabrication was deliberate." *Trulove v. City & Cty. of S.F.*, 2016 WL 5930634, at *5 (N.D. Cal. Oct. 12, 2016) (citing *Bradford*, 803 F.3d at 386).

Deliberate fabrication can be alleged directly by averring defendants reported information known to be false. *See, e.g., Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1111–12 (9th Cir. 2010) (evidence that defendant deliberately misquoted and misrepresented witness statements in a child abuse report created triable issue of fact on fabrication claim). It can also be alleged circumstantially by averring the defendants: (a) continued their investigation of the plaintiff even though they "knew or should have known that the plaintiff was innocent;" or (b) used "investigative techniques that were so coercive and abusive that [they] knew or should have known that those techniques would yield false information." *Id.*

Here, Mason has identified various statements in the report given to the DA that he alleges are plainly false and not supported by any evidence. These include: (1) that the victim "confirmed the person she photographed in the vehicle on the second interaction was the same person" she initially saw masturbating when in fact she stated repeatedly that she could not see the face of the

first individual; and (2) that the suspect "drove his vehicle in the same direction that [the witness] was walking and parked his vehicle again" when in fact the witness stated she never looked back in the direction of the first vehicle and did not see it pass her. Mason further alleges the officers knew or should have known that these statements were false, and that there was not probable cause justifying Mason's arrest or prosecution, yet nonetheless persisted in their investigation of him. These allegations are sufficient to state a *Devereaux* claim. Accordingly, defendants' motion to dismiss the fabrication claim is denied.

**4. Qualified Immunity**

"Qualified immunity affords limited protection to public officials faced with liability under 42 U.S.C. § 1983, insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Shafer v. Cty. of Santa Barbara*, 868 F.3d 1110, 1115 (9th Cir. 2017) (quotations omitted). "To determine whether qualified immunity applies in a given case, [courts] must determine: (1) whether a public official violated a plaintiff's constitutionally protected right; and (2) whether the particular right that the official violated was clearly established at the time of the violation." *Id.* (citation omitted).

Here, defendants argue they are entitled to qualified immunity because Mason has not sufficiently alleged a violation of his constitutional rights—namely, he has not adequately alleged the officers arrested him without probable cause. They also correctly point out that even officers who mistakenly conclude probable cause is present are entitled to immunity as long as their mistake is reasonable. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). As discussed above, however, Mason has stated plausible claims for unlawful arrest, malicious prosecution and deliberate fabrication of evidence by alleging that the case against him was based entirely on the testimony of one demonstrably unreliable witness. Assuming, as Mason alleges, that this witness should not have been trusted, there has been no other evidence identified which would support an objectively reasonable belief that Mason had committed a crime. Accordingly, the motion to dismiss based on qualified immunity is denied.

**B. *Monell* Claim**

A municipality may be liable under section 1983 when the enforcement of a municipal policy or custom was the moving force behind the violation of a constitutionally protected right. *Monell*, 436 U.S. at 694. A local government "cannot be held liable under section 1983 on a *respondeat superior* theory." *Id*. at 691. "The municipality itself must cause the constitutional deprivation" through a policy or unwritten custom. *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992). Absent a formal governmental policy, a plaintiff must show a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

"To impose liability against a county for its failure to act, a plaintiff must show: (1) that a county employee violated the plaintiff's constitutional rights; (2) that the county has customs or policies that amount to deliberate indifference; and (3) that these customs or policies were the moving force behind the employee's violation of constitutional rights." *Long v. Cty. of L.A.*, 442 F.3d 1178, 1186 (9th Cir. 2006), citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1193-94 (9th Cir. 2002). The plaintiff bears the burden of showing "the injury would have been avoided" had proper policies been implemented." *Gibson*, 290 F.3d at 1196.

Here, Mason has insufficiently alleged a custom, policy, or practice for which Redwood City could be held liable under *Monell*. Mason alleges the City has an ineffective system of review of police conduct which permits and tolerates the unreasonable and unlawful arrest of citizens by police officers. His allegations, however, are conclusory and seemingly rely only on his own experience. He does not identify a formal policy, unwritten custom, or longstanding practice with sufficient particularity to infer that such a custom, policy, or practice caused any of the constitutional violations he alleges. Accordingly, Mason's *Monell* claim against Redwood City is dismissed with leave to amend.

**V. CONCLUSION**

Defendants' motion to dismiss is granted in part and denied in part. Mason may proceed with his section 1983 claims against the individual officers for unlawful arrest, malicious

prosecution, and deliberate fabrication of evidence. His *Monell* claim against Redwood City is dismissed with leave to amend. Any amended complaint must be filed within twenty-one (21) days of the issuance of this order.

**IT IS SO ORDERED**.

Dated: March 23, 2018

RICHARD SEEBORG
United States District Judge